IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTEZ RODGERS,
    *Plaintiff*,

v.

MRA SYSTEMS, LLC,
    *Defendant*.

Civil Action No.
24-cv-2747-ABA

**MEMORANDUM OPINION**

Plaintiff Martez Rodgers has sued his employer, Defendant MRA Systems, LLC ("MRA"), alleging discrimination and harassment based on race. MRA has filed a motion to dismiss and to strike. For the reasons that follow, the Court will grant MRA's motion and dismiss the complaint.

**I.   BACKGROUND**[1]

Rodgers alleges that on or about July 25, 2022, MRA's supervisor of facilities, Will Lee, after greeting Rodgers and another employee, threatened to shoot him. ECF No. 1 § III(B), (E). Rodgers reported the incident to Human Resources ("HR") at which point a Senior HR staff member held a meeting that included Rodgers and Lee but no union representative. *Id*. In the meeting, Rodgers explained the situation and stated that he "felt uncomfortable." *Id*. Rodgers alleges that the Senior HR staff member stated, "I knew him [Lee] for 10 years[;] I believe it was a joke." *Id*. He alleges that "after it was concluded that they were friends and no action would be taken[,] the meeting was

---

[1] At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

1

settled." *Id*. Rodgers then reported the incident to another HR staff member, to a union representative, and to the Equal Employment Opportunity Commission. *Id*.

Rodgers commenced this suit on September 24, 2024, alleging discrimination in the form of retaliation and harassment under Title VII of the Civil Rights Act of 1964 on the basis of race. *Id*. §§ II, III(A), (D). Rodgers alleged that MRA is still committing these acts against him. *Id*. § III(C). Rodgers later filed a supplement to the complaint that includes three email chains. ECF No. 6. The first is an email on April 18, 2022 from Lee that was not sent directly to Rodgers and relates to another employee, with subsequent forwards of the email without any messages. ECF No. 6 at 4–5. The second starts on July 22, 2024 from Rodgers regarding potential violations of Occupational Safety and Health Administration regulations. ECF No. 6 at 1–3. The third starts on November 8, 2024 between two individuals who are not Rodgers and relates to safety concern grievances, with subsequent forwards of the email without any messages. ECF No. 6 at 6–7. After a Deficiency Notice was sent to Plaintiff regarding ECF No. 6 instructing him to include a signature on the filing, he re-submitted the same emails with his signature on each page. ECF Nos. 7 and 8.

MRA filed a motion to dismiss the complaint and motion to strike ECF Nos. 6 and 8. ECF No. 23. Rodgers filed a response to the motion, ECF No. 25, and MRA filed a reply, ECF No. 26. Without requesting leave of the Court, Rodgers filed a supplement in further opposition to the motion ("surreply"), ECF No. 27, and MRA has requested that the Court reject the surreply, ECF No. 28.

## II.  Standard of Review

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even

assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

To withstand a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative relief" by containing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court reviewing a 12(b)(6) motion "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff," *King*, 825 F.3d at 212, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679.

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants like Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Even *pro se* litigants [must] state their claims in a[n] understandable and efficient manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

3

### III.  Discussion

#### A.  **The supplements to the complaint are stricken**

A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" including exhibits attached to pleadings. Fed. R. Civ. P. 10(c), 12(f). Plaintiff's complaint alleges claims for discrimination and harassment on the basis of race, but the supplements relate to safety concerns and other employees. ECF Nos. 1, 6, 8. The emails in the supplements are wholly unrelated to Plaintiff's claims in the complaint.

In his response, Rodgers does not provide any counterargument to the motion to strike but instead mentions additional violations he would like to allege against MRA that were not included in the complaint, relating to safety violations, and he reattaches an email chain from the supplement. ECF Nos. 25, 25-1 at 1–5. However, an opposition to a motion to dismiss is not the proper vehicle for raising new claims. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"). Because the supplements are immaterial to the claims in the complaint, MRA's motion to strike ECF Nos. 6 and 8 will be granted.

#### B.  **Plaintiff's surreply is rejected and will not be considered**

On May 21, 2025, Plaintiff filed a documented entitled, "Dismissal Opposition Proposal #2," which the Court will deem to be a surreply to the motion to dismiss. ECF

No. 27. In accordance with Local Rule 105.2(a), this Court rejects Plaintiff's surreply as he did not first request or receive leave from the Court to file it. Therefore, Plaintiff's surreply, ECF No. 27, and the Defendant's response therefrom, ECF No. 28, will not be considered in the Court's analysis of the merits of the motion to dismiss.

### C.   Plaintiff's complaint fails to state a claim under Title VII

#### i.   Plaintiff's complaint fails to state a claim for racial discrimination

Title VII makes it unlawful for an employer "to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation against employees for opposing discrimination or participating in an investigation, proceeding, or hearing under the Act. 42 U.S.C. § 2000e-3(a); *see Laurent-Wotkman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022); *Gaines v. Balt. Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

To make out a Title VII discrimination claim, a plaintiff must "allege facts to satisfy the elements of a cause of action created by [Title VII]." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). That is, Rodgers must allege sufficient facts from which the Court can draw a reasonable inference that his employer "discriminate[d] against [him] . . . because of [his] race." 42 U.S.C. § 2000e–2(a)(1). "[A]n absolute precondition" to any employment discrimination suit is "the existence of some adverse employment action." *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985). To state a claim for Title VII retaliation, "[a] plaintiff must show (1) that she engaged in a protected activity, (2) that her employer took an adverse action against

5

her, and (3) that there was a causal link between the two events." *Wormuth*, 54 F.4th at 212 (citing *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016)).

MRA argues that Rodgers has failed to allege facts sufficient to state a Title VII claim. ECF No. 23-1 at 5. Specifically, MRA argues that the complaint is devoid of any reference to differential treatment from similarly situated employees, facts to suggest that the statements alleged to have been made by the supervisor or the alleged failure by HR to take action were *because of* his race, or that Rodgers suffered any adverse employment action. *Id*. at 5–6. Rodgers does not argue that his complaint sufficiently alleged facts to meet these elements but instead provides additional details not in the complaint to state his claim for retaliation. ECF No. 25 at 1–2. As previously stated, Plaintiff cannot use the response to a motion to dismiss to allege facts that are missing from the complaint. *See* III.A., *infra*. Therefore, the Court considers only the facts alleged in the complaint.

Plaintiff's complaint provides no facts to make out a claim for discrimination or retaliation. The complaint provides no facts to establish that the statements made by his manager or the HR staff member's failure to take action were because of his race (as required to plead a claim for discrimination) or that he was engaged in a protected activity (as required to plead a claim for retaliation). Therefore, Plaintiff has failed to state claims for discrimination or retaliation and the Court will dismiss those claims, without prejudice.

      **ii.**      **Plaintiff's complaint also fails to state a claim for harassment based on race**

"Since an employee's work environment is a term or condition of employment, Title VII creates a hostile working environment cause of action." *EEOC v. Cent*.

*Wholesaler, Inc.*, 573 F.3d 167, 174 (4th Cir. 2009) (quoting *EEOC v. R & R Ventures,* 244 F.3d 334, 338 (4th Cir. 2001)). To state a claim for harassment or a racially hostile work environment, a plaintiff must allege that "harassment [was] (1) unwelcome; (2) based on race; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183–84 (4th Cir. 2001) (citing *Causey v. Balog,* 162 F.3d 795, 801 (4th Cir. 1998)); *see Wooten v. Univ. of Maryland, Balt.*, 733 F. Supp. 3d 402, 427 (D. Md. 2024) (quoting *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 716 (4th Cir. 2024)).

MRA argues that Rodgers failed to allege any facts to indicate that the alleged harassment, Rodgers's supervisor threat to shoot him, was because of or even tied to his race. ECF No. 23-1 at 7. Rodgers does not argue that his complaint sufficiently alleged facts to meet these elements but instead provides additional details not in the complaint to essentially contend that he could amend his complaint to state a claim for harassment and failure of his employer to address the alleged harassment. ECF No. 25 at 1–3. As previously stated, Plaintiff cannot use the response to a motion to dismiss to effectively amend an otherwise deficient complaint. *See* III.A., *infra*. Therefore, the Court considers only the facts alleged in the complaint.

Based on the facts alleged in the complaint, Rodgers has failed to allege that any harassment was based on his race. Although Rodgers's allegation that the supervisor threatened to shoot him, which the Court takes a true at this stage, evidently indicates unwelcome harassment, Rodgers provides no facts upon which the Court can infer why the statement was made or otherwise that it constitutes harassment based on race. Additionally, Plaintiff's allegation about HR indicates a possible failure to act based on a

7

conflict of interest but not based on race. Plaintiff has failed to state a claim for harassment and, thus, the Court will grant MRA's motion to dismiss, without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss and to strike ECF Nos. 6 and 8 (ECF No. 23) and Defendant's request to strike Plaintiff's surreply (ECF No. 28) will be granted. The Court will dismiss the claims without prejudice. If Plaintiff believes he is able to cure the deficiencies in the complaint identified herein, and if Plaintiff intends to file a motion for leave to file an amended complaint that he contends cures such deficiencies, any such motion must be filed within 21 days, and if no such motion is filed the dismissal will convert to a dismissal with prejudice. A separate order follows.

Date: October 22, 2025  _____/s/_____
                        Adam B. Abelson
                        United States District Judge