**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MARTEZ RODGERS,<br>　　　*Plaintiff,*<br><br>　　v.<br><br>MRA SYSTEMS, LLC,<br>　　　*Defendant.* | Case No. 24-cv-2747-ABA |

**MEMORANDUM OPINION**

Plaintiff Martez Rodgers has sued his employer, Defendant MRA Systems, LLC ("MRA"), alleging discrimination and harassment based on race. The Court previously dismissed the case without prejudice and Plaintiff has filed a motion for leave to file an amended complaint.[1] For the reasons that follow, the Court will deny Plaintiff's motion for leave to file an amended complaint and dismiss the complaint with prejudice.

## I.　BACKGROUND[2]

On October 22, 2025, the Court granted without prejudice Defendants' motion to dismiss for failure to state a claim and stated that "[i]f Plaintiff believes he is able to cure the deficiencies in the complaint identified herein," he may file a motion for leave to amend. *Rodgers*, 2025 WL 2986814, at *4.

---

[1] Plaintiff filed a motion to amend or correct the complaint for which the Court issued a deficiency notice. ECF Nos. 35 & 36. Instead of correcting the prior filing, Plaintiff resubmitted the motion with the deficiency corrected. Therefore, Plaintiff's original motion to amend the complaint, ECF No. 35, will be denied as moot.

[2] The Court explained the factual background from the Complaint in this case in its prior opinion. *Rodgers v. MRA Sys., LLC*, Case No. 24-cv-2747-ABA, 2025 WL 2986814, at *1 (D. Md. Oct. 22, 2025). Therefore, the Court will not re-state the full history here.

Mr. Rodgers has filed a motion for leave to file an amended complaint seeking "to incorporate newly developed facts, including additional allegations of harassment, retaliation, and hostile work environment that occurred after the filing of the original complaint." ECF No. 37 ¶ 2. He further contends that "[t]hese amendments also clarify Plaintiff's claims under Title VII and ensure the record accurately reflects the full scope of discriminatory and retaliatory conduct." *Id.* Mr. Rodgers's proposed amended complaint alleges that "[s]ince filing the original EEOC charge, Plaintiff has been subjected to ongoing and escalating harassment" and provides examples of continuous surveillance, hostile treatment and verbal abuse, and withholding of pay. ECF No. 37-1 at 1. None of these examples provide specific dates, identify specific people, or explain exactly what occurred. The proposed amended complaint further alleges that "[a]fter Defendant received notice of the EEOC charge, Plaintiff experienced direct retaliation, including: Suspension from work without legitimate cause[;] Denial of proper personal protective equipment (PPE), placing Plaintiff in unsafe working conditions[; and] Withholding of overtime hours and wages as punishment for engaging in protected activity." *Id.*

Defendant filed a response arguing that Plaintiff's proposed amended complaint should be denied as it is futile and that the claims should be dismissed with prejudice. ECF No. 38.

## II.    STANDARD OF REVIEW

A party may request, and the court should "freely give," leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "courts should 'liberally allow amendment,' and deny such leave only in cases of 'prejudice, bad faith, or futility.'" *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir.

2

2021) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), and *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)) (internal citations omitted).

## III.    DISCUSSION

### A.    Plaintiff's proposed amended complaint is futile

"[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *Id.* (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants like Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that this Court may ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Even *pro se* litigants [must] state their claims in a[n] understandable and efficient manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

#### i.    Plaintiff's proposed amended complaint fails to state a claim for harassment/hostile work environment

On October 22, 2025, this Court dismissed Plaintiff's complaint without prejudice for failure to state a claim. *Rodgers*, 2025 WL 2986814. As to Mr. Rodgers's harassment/hostile work environment  claim, the Court explained that, for Mr. Rodgers to state a claim, he needed to "allege that 'harassment [was] (1) unwelcome; (2) based on race; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere.'" *Id.* at *4 (quoting *Spriggs v. Diamond Auto Glass*,

3

242 F.3d 179, 183–84 (4th Cir. 2001)). The Court dismissed Mr. Rodgers's harassment claims because, "[a]lthough Rodgers's allegation that the supervisor threatened to shoot him, which the Court takes a true at this stage, evidently indicates unwelcome harassment, Rodgers provides no facts upon which the Court can infer why the statement was made or otherwise that it constitutes harassment based on race. Additionally, Plaintiff's allegation about HR indicates a possible failure to act based on a conflict of interest but not based on race." *Id.*

Mr. Rodgers's amended complaint fails for the same reasons. The amended complaint generally alleges ongoing harassment and mentions continuous surveillance, hostile treatment and verbal abuse by supervisors and management, and withholding of pay. ECF No. 37-1 at 1. But Mr. Rodgers has still not provided any facts upon which the Court can infer that these actions were *based on race* as is required to maintain a Title VII harassment or racially hostile work environment claim. As Mr. Rodgers has failed to cure the deficiencies as to his harassment and hostile work environment claims, these are now dismissed with prejudice.

### ii.   Plaintiff's proposed amended complaint fails to state a claim for racial discrimination or retaliation

In its prior opinion, the Court explained that, for Mr. Rodgers to state a Title VII discrimination claim, he "must allege sufficient facts from which the Court can draw a reasonable inference that his employer 'discriminate[d] against [him] . . . because of [his] race.'" *Rodgers*, 2025 WL 2986814, at *3 (quoting 42 U.S.C. § 2000e–2(a)(1)). It further explained that, for Mr. Rodgers's Title VII retaliation claim, he needed to "show (1) that []he engaged in a protected activity, (2) that [his] employer took an adverse action against [him], and (3) that there was a causal link between the two events." *Id.*

(quoting *Laurent-Wotkman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022)). The Court dismissed Mr. Rodgers's discrimination and retaliation claims because "[t]he complaint provide[d] no facts to establish that the statements made by his manager or the HR staff member's failure to take action were because of his race (as required to plead a claim for discrimination) or that he was engaged in a protected activity (as required to plead a claim for retaliation)." *Id.*

Mr. Rodgers does not appear to assert a new racial discrimination claim in his proposed amended complaint and only asserts a retaliation-based claim. Therefore, his discrimination claim in the original complaint is dismissed with prejudice.

For a Title VII retaliation claim, a plaintiff can show causation in two ways: "by 'show[ing] that the adverse act bears sufficient temporal proximity to the protected activity,' or by showing 'the existence of facts that suggest that the adverse action occurred because of the protected activity,' or a combination of the two." *Wormuth*, 54 F.4th at 218–29 (quoting *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021)). "'[T]emporal proximity between an employer's knowledge of protected activity and an adverse employment action' may establish causation only if it is 'very close.'" *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). A failure to allege the timing of an alleged adverse action may be grounds for dismissal if that failure prevents a court from being able to determine whether there was sufficient temporal proximity to constitute causation. *See e.g.*, *Stewart v. Hegseth*, 800 F. Supp. 3d 662, 677 (W.D. Va. 2025) ("Without insight into the timing of [the alleged protected activities], the Court cannot conclude there was sufficient temporal proximity between them and the [alleged adverse action]" such that the temporal proximity test "cannot be used to prove causation"); *Bradley v. Gannett Co. Inc.*, Case No. 1:23-cv-1100

(RDA/WEF), 2025 WL 2533504, at *9–10 (E.D. Va. 2025), *appeal filed,* Case No. 25-2190 (4th Cir.) (holding that the plaintiff failed to state a claim because he "ha[d] alleged no date, such that the Court cannot evaluate the temporal proximity between [the plaintiff]'s alleged protected activities and the alleged material adverse actions of which he complains"); *Redd v. McDowell Cnty. Bd. of Educ.*, 976 F. Supp. 2d 838, 854 (S.D. W. Va. 2013), *aff'd*, 561 F. App'x 278 (4th Cir. 2014) (holding that vague, conclusory statements that actions were taken in response to protective activities are insufficient to state a claim).

As to the retaliation claims, Mr. Rodgers alleges that he experienced retaliation after he filed his EEOC charge, including suspension, unsafe work conditions, and withholding of pay and alleges that this was a direct result of the filing of the EEOC charge. ECF No. 37-1 at 1–2. But he does not allege when the actions occurred in order for the Court to consider whether there is sufficient temporal proximity, and he does not allege any facts to suggest that the alleged adverse actions occurred *because of* the protected conduct. Therefore, Mr. Rodgers has not established the required causation element for his retaliation claim, making the amended complaint futile as to that claim. The retaliation claim will thus be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint (ECF No. 37) will be denied and the Complaint (ECF No. 1) will be dismissed with prejudice. A separate order follows.

Date: August 4, 2026                    _____/s/_____
                                        Adam B. Abelson
                                        United States District Judge

6